# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH KILLEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-0080-CV-W-FJG |
| ) | |
| BENNETT INTERNATIONAL GROUP, INC. ) | |
| d/b/a BENNETT MOTOR EXPRESS and/or ) | |
| BENNETT TRANSPORTATION ) | |
| SERVICES, et al., ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Remand and for Attorney's Fees (Doc. No. 5).

**I. Background.**

The present suit was removed to this Court from the Circuit Court of Jackson County, Missouri, in January 2006. Defendants invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1332 & 1441. It is undisputed that complete diversity of state citizenship exists between opposing parties; however, plaintiff avers that the requisite statutory amount in controversy is not met in this suit. Plaintiff brings claims for negligence and negligence per se for claims arising from an automobile accident that occurred on I-35 in Kansas City, Missouri.

**II. Discussion.**

The Court notes that the party invoking the jurisdiction of a federal court bears the

burden of proof in establishing that such jurisdiction is proper. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002). Federal courts are courts of limited jurisdiction, and a civil action brought in a state court may be removed by a defendant only if the federal court has original jurisdiction. 28 U.S.C. § 1441. The instant case was removed by defendants pursuant to the original jurisdiction of this Court over suits between citizens of different states. 28 U.S.C. §§ 1332, 1441. However, plaintiff avers that defendant has not demonstrated the requisite amount in controversy.

In the present suit, plaintiff asserts that his stopped Honda Civic was crashed into by a Winnebago Voyager owned by defendant Winnebago Industries, Inc., and being transported by defendant Jerald D. Johnson while acting in the scope of employment with defendant Bennett Motor Express, Inc. Plaintiff pleads damages "in a sum which exceeds $25,000.00." See Doc. No. 1, Ex. F. Presumably, plaintiff does not allege a specific amount of damages because he is not required to under Missouri Rule 55.05.

Plaintiff first argues in his motion to remand that, as he has not pled an amount in excess of $25,000 in his petition, the case should not be removable to federal court. However, defendant Winnebago Industries correctly notes that failure of plaintiff to plead an amount in excess of $25,000 in the *ad damnum* clause of his petition is not fatal to removal where state law prohibits plaintiff from specifying in the complaint the amount of damages sought. See In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003). Instead, in such cases, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." Id. If the removing party satisfies this burden, the plaintiff can still defeat removal by showing to

2

a legal certainty that recovery cannot exceed $75,000.  See Neighbors v. Muha, 2005 WL 2346968, *2 (W.D. Mo. Sept. 26, 2005) (J. Fenner) (citing 14C Wright & Miller, Federal Practice and Procedure; Jurisdiction § 3725 at 94-95 (3d ed. 1998).

To meet its burden of proof, defendant must present specific facts or evidence.  See Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).  The evidence may include plaintiff's representations, "including settlement offers by plaintiff exceeding the jurisdictional amount, plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff."  See Neighbors, 2005 WL 2346968 at *2 (citing Halsne v. Liberty Mutual Group, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999)).

In defendant Winnebago Industries, Inc.'s notice of removal, defendant attaches a copy of a demand letter, dated August 1, 2005, sent by plaintiff to defendant Bennett Transportation Services' insurer.  See Doc. No. 1, Ex. A.  In the demand letter, plaintiff indicates that his damages are $385,591.31, which represents $15,591.31 in past medical expenses, $120,000.00 in estimated future medical expenses, and $250,000 in pain and suffering.  Doc. No. 1, Ex. A, p. 9.  Plaintiff also indicates in this demand letter that his loss of earning capacity, permanent disability, and other related expenses are in an amount to be determined.  See Doc. No. 1, Ex. A, p. 9. Plaintiff, in the August 1, 2005 letter, demands settlement in the amount of $150,000.00.

Plaintiff argues that the settlement demand letter is not properly used as an exhibit, because on the face of the demand letter, it states:

**FOR SETTLEMENT PURPOSES ONLY**
**NOT TO BE USED AT TRIAL OR FOR ANY OTHER PURPOSE**

Plaintiff also notes that the body of the demand letter states:

> In particular, <u>no part of this letter may be offered as an exhibit</u> or used for cross-examination at trial on in any deposition of any person or the party. Acceptance and reading of this document is understood to be assent and agreement to the terms of this submission. Should you have any objection to these terms please disregard and dispose of this letter immediately.

<u>See</u> Notice of Removal, Doc. No. 1, Ex. A (emphasis added). Therefore, plaintiff argues that defendants' exhibit A should be stricken, as that letter was a "confidential submission merely intended to begin the negotiation process in the effort to settle plaintiff's claims prefiling." <u>See</u> Doc. No. 6.

Defendant responds, however, that plaintiff provides no legal authority for his assertion that the language inserted in his demand letter prevents defendants from using that demand letter in support of their removal of this case. The Court agrees with defendant that the demand letter should not be stricken.[1] Other courts have indicated that Rule 408 of the Federal Rules of Evidence does not preclude the use of settlement demand letters when they are offered to determine whether the amount in controversy is satisfied. <u>See</u> <u>Archer v. Kelly</u>, 271 F.Supp.2d 1320 (N.D. Okla. 2003); <u>Vermande v. Hyundai Motor Am., Inc.</u>, 352 F.Supp.2d 195, 202 (D. Conn. 2004); <u>Turner v. Baker</u>, 2005 WL 3132325, * 3 (W.D. Mo. Nov. 22, 2005) (Magistrate J. Hays). Based on these authorities, the Court finds that the demand letter submitted by plaintiff prior to the filing of this lawsuit should be considered in evaluating the amount in controversy.

---

[1]The Court does not believe plaintiff can unilaterally suggest that the mere reading of the demand letter constitutes "assent and agreement to the terms of its submission" such that defendants are bound to not use the demand letter "for any other purpose." The Court can locate no authority suggesting that plaintiff has the right or ability to impose and enforce such terms and conditions in the demand letter (and plaintiff certainly provides no authority for this proposition).

Plaintiff further argues that the settlement demand amount is not dispositive of the issue of whether the jurisdictional amount in controversy is satisfied. See Corlew v. Denny's Restaurant, Inc., 98 F.Supp.2d 878, 879 (E.D. Mo. 1997). However, as pointed out by defendant, the cases cited by plaintiff on this issue are ones where the settlement demand was for an amount less than the jurisdictional minimum. See Corlew v. Denny's Restaurant, Inc., 983 F.Supp. 878, 879 (E.D. Mo. 1997) (remanding where plaintiff's demand was exactly $75,000); Gramc v. Millar Elevator Company/Schindler Enterprises, 3 F.Supp.2d 1082, 1083 (E.D. Mo. 1998) (remanding to the state court where settlement demand was below the jurisdictional amount). Here, prior to the filing of the lawsuit, plaintiff's settlement demand was $150,000.00, double the jurisdictional minimum. Even though plaintiff argues that his medical bills total only $15,591.31 as of the date in the demand letter, plaintiff's 10-page demand letter extensively details plaintiff's damages, indicates that plaintiff is undergoing continuing medical treatment, and notes that plaintiff experiences (1) severe, frequent headaches rated an 8 out of 10 as to pain and which have inhibited plaintiff's ability to concentrate; (2) "constant, dim pain" related to his other injuries which limits plaintiff's range of motion and disturbs his sleep; and (3) loss of strength in his right arm, affecting him because he is right-handed. Given that plaintiff alleges continuing damages and estimates $120,000.00 in future medical expenses, the Court finds that defendant has demonstrated by a preponderance of the evidence (or, for that matter, to a legal certainty[2]) that the amount in controversy exceeds $75,000.00.

---

[2] Plaintiff argues that defendant must demonstrate to a legal certainty that the jurisdictional amount is met. See Doc. No. 5. Although the Court believes that the standard of review is as set out on pp. 2-3 of this Order, the Court finds that even if the it applied the standard of review suggested by plaintiff at Doc. No. 6, pp. 4-5,

Plaintiff further argues that the better measure of the amount in controversy in this case is not his own valuation of the case, but the valuation of the case by the defendants. Consequently, plaintiff argues that Court should look to defendants Bennett International Group, Inc. d/b/a Bennett Motor Express and/or Bennett Transportation Services and Jerald D. Johnson's offer of judgment of $17,750 (see Doc. No. 1, Ex. D). Plaintiff further argues that "[i]f defendants' theories [regarding affirmative defenses] are correct, then it is unlikely that plaintiff will obtain much of a judgment in this case." Defendant responds, and this Court agrees, that on a motion to remand, the case is valued from plaintiff's perspective, not defendant's perspective. See Smith v. American States Preferred Ins. Co., 249 F.3d 812, 813-14 (8th Cir. 2001). Therefore, the Court will not consider defendant's defenses or the other defendants' offer of judgment as the proper measure of the amount in controversy.

In his reply, plaintiff states that he is wiling to settle his claims for $75,000.00, attaching as an exhibit a letter dated March 16, 2006, making such an offer. See Doc. No. 10, Ex. 1. However, federal court jurisdiction is determined at the time of removal, and post-removal affidavits only are relevant to clear up ambiguities that were present at the time of removal. See Walters v. American Family Mutual Ins. Co., 2006 WL 461073, *2 (W.D. Mo. Feb. 24, 2006)(J. Gaitan) (citing Dryda v. Wal-Mart Stores Inc., 41 F.Supp.2d 943, 949 (D. Minn. 1999)). Here, plaintiff's petition combined with his August 2005 demand letter created no ambiguities at the time of removal. Instead, defendant has met its burden of demonstrating that the amount in controversy at the time of removal was greater than

---

defendants have demonstrated to a legal certainty that the jurisdictional amount has been met.

$75,000.00.

Accordingly, for the above stated reasons, Plaintiff's Motion for Remand and for Attorney's Fees (Doc. No. 5) is **DENIED**.

**IT IS SO ORDERED.**

          /s/ FERNANDO J. GAITAN, JR.
          Fernando J. Gaitan, Jr.
          United States District Judge

Dated:  March 24, 2006  .
Kansas City, Missouri.